DECISION
Before the Court is plaintiff's appeal of the decision by the Rhode Island Division of Public Utilities and Carriers, ("PUC"), denying plaintiff's application for transfer of certificate No. MC-1107, from Ace Auto Service and Sales, Inc. ("plaintiff") to Anthony's Auto Body, Inc. ("Anthony's"). The plaintiff has filed this appeal, seeking to overturn the PUC's determination that the certificate in question could not be transferred as its validity had lapsed from non-use. Jurisdiction of this Court is pursuant to G.L. 1956 (1993 Reenactment) § 42-35-15.
Facts/Travel
On February 18, 1993, plaintiff filed an application to transfer a certificate, MC-1107, allowing for the transportation of automobiles, to Anthony's (Tr. at 14). That application, however, was withdrawn before the PUC ruled on it (Tr. at 13). Plaintiff made another application on May 24, 1993 (Id.). The PUC conducted a properly noticed hearing on this application on the morning of June 23, 1993 (Tr. at 1).
Two witnesses testified at the hearing, including Mario Ricciardelli, President of the plaintiff corporation. Mr. Ricciardelli testified that he had operated an auto body and repair shop for about forty years, during which time he also provided towing services (Tr. at 5). Mr. Ricciardelli also admitted that plaintiff's only tow truck had been out of commission with engine problems from approximately November of 1992 to February of 1993 (Tr. at 14). Exhibits which were introduced at the hearing included the certificate in question and bills of lading, which evidenced that the plaintiff had provided towing services from March 4, 1993 through May 26, 1993 (Tr. at 8). The hearing officer also made administrative reference to a letter from the PUC dated May 27, 1993 which stated that the plaintiff's towing certificate was in good order (Tr. at 43).
The hearing officer decided, based on his finding that the plaintiff had not actually provided towing services for at least sixty days during the period when his tow truck was inoperative, that the validity of certificate in question had lapsed (Order at 4). Therefore, pursuant to G.L. 1956 (1990 Reenactment) §39-12-18, the hearing officer denied plaintiff's transfer application and revoked the certificate.
Standard of Review
This Court possesses jurisdiction to review decisions of the PUC pursuant to G.L. 1956 (1993 Reenactment) § 42-35-15. The standard of review which this Court must follow is set out in subsection (g) of that statute:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, interferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In reviewing such cases, this Court is not to substitute its judgment for that of the agency concerning witness credibility or the weight of the evidence as they pertain to factual issues.Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988). Further, this Court must uphold an agency decision where there is legally competent evidence in the record to support it.Blue Cross Blue Shield v. Caldarone, 520 A.2d 969, 972 (R.I. 1982). Questions of statutory interpretation and their applicability to the facts, however, are proper questions for the reviewing court. Carmody v. Rhode Island Conflict of InterestsCommission, 509 A.2d 453, 458 (R.I. 1986).
Validity of the Certificate
R.I.G.L. 1956 (1990 Reenactment) § 39-12-18 provides:
 39-12-18. Revocation of common carrier certificate.
— Any irregular or regular route common carrier who, during any period of not less than sixty (60) consecutive days, fails or has failed to render any part of the service authorized by his or her certificate, except that for the reason that highways over which a common carrier must operate are impassable because of floods, conditions of the highways or for other reasonable causes, shall be deemed to have abandoned that part of the service authorized by the certificate; and if, after hearing the administrator finds that the carrier has so failed to render service in accordance with his or her certificate and not for any reason set forth in the foregoing exceptions, his or her rights thereto to the extent of his failure to render service shall be forfeited; and the administrator shall revoke or reissue the common carrier's certificate subject to the resulting limitations.
It is not disputed that plaintiff falls within the definition of "common carrier" listed in G.L. § 39-12-2(c). The bills of lading admitted at the hearing were dated March 4, 1993 to May 26, 1993 (Tr. at 8). However, the record discloses no direct evidence of towing between November, 1992 and February, 1993. (Tr. at 17). Although the PUC letter of May 27, 1993 stated that the plaintiff's certificate was active, the hearing officer decided that the validity of the plaintiff's certificate had lapsed because between November 1992 and February 1993 no towing activities were conducted by the plaintiff, and this period of time amounted to at least sixty days. Instead, at that time, plaintiff merely acted as a towing service broker, referring any calls for such service which he received to another tower (Tr. at 17).
Plaintiff first argues that the hearing officer's decision was improper because plaintiff never intended to abandon its towing certificate. The intentions of the plaintiff, however, are not relevant to the matter at hand. The sections governing towing certification requirements are devoid of references to the intent of those seeking to retain or transfer a towing certificate. Rather, it is the acts of such individuals which are of importance. See G.L. 1956 (1990 Reenactment) §§ 39-12-1 et seq.
Plaintiff also argues that its certificate should be deemed valid and transferrable because during the time when its truck was not operational, it continued to provide towing services by referring calls it received to another tower. This argument is not supported by the statute. First, G.L. 1956 (1990 Reenactment) § 39-12-18 states that certificates shall be revoked when a carrier ceases to perform "any part of the services authorized by his or her certificate" for sixty days or more. The certificate in question authorized the plaintiff to transport "[m]otor vehicles by towaway method . . . . [b]etween places in Johnston on the one hand, and on the other, places in Providence, Cranston, North Providence, Scituate and Smithfield." Here, plaintiff ceased to perform the actual towing services authorized for longer than sixty days.
Moreover, changing the nature of the service which plaintiff provided from that of towing to brokerage runs counter to the purpose of the statutes governing motor carriers of property as set out in G.L. 1956 (1990 Reenactment) § 39-12-1, which provides in pertinent part:
 39-12-1. Declaration of policy. — It is hereby declared to be the policy of the state to regulate transportation of property by motor carriers upon its publicly used highways in such manner as to. . . foster sound economic conditions in transportation and among carriers engaged therein in the public interest; and in connection therewith to:
 (1) Promote adequate, economical, and efficient service by motor carriers and reasonable charges therefor without unjust discriminations, undue preferences, or advantages or unfair or destructive competitive practices;
Regulation of this industry pursuant to the objectives of the statute does not provide for carriers becoming service brokers each time their equipment encounters mechanical problems, and as argued by counsel for the PUC, where the carrier could rent substitute equipment while his own is being repaired.
Plaintiff next argues that the hearing officer should have found the certificate in question to be active because of the PUC letter of May 27, 1993. Despite the conflicting evidence of record, this Court finds that there is legally competent evidence to support the PUC's conclusion that the certificate became dormant before the transfer application at issue was made. Thus, as it is outside this Court's province to disturb factual findings in questions concerning evidentiary weight, this Court shall uphold the findings of the agency. Costa, supra at 1309.
Plaintiff also contends that the PUC exceeded its statutory authority by considering issues pertaining to the weeks when plaintiff's tow truck was not operational. A review of the pertinent, governing statute indicates that the PUC is clearly authorized to revoke certificates which are dormant for at least sixty days pursuant to the plain language of G.L. 1956 (1990 Reenactment) § 39-12-18: Any services authorized under such certificates which are not performed for at least sixty consecutive days "shall be deemed to have [been] abandoned."
Finally, plaintiff points out that the sixty day dormancy rule in G.L. 1956 (1990 Reenactment) § 39-12-18 does not apply to situations where the carrier's inactivity is because of "floods, conditions of the highways, or for other reasonable causes." Plaintiff argues that the mechanical failure causing its tow truck to be inoperative is a "reasonable cause." This argument lacks merit.
It is a "well-recognized doctrine of administrative law that deference will be accorded to an administrative agency when it interprets a statute whose administration and enforcement have been entrusted to the agency." Pawtucket Power Associates LimitedPartnership, et al v. City of Pawtucket et al, 622 A.2d 452, 456 (R.I. 1993). As the PUC points out, the portion of the statute which exempts the application of the statute to situations involving other reasonable causes, is a proviso. The latter term is defined as one which "remove[s] special cases from the general enactment and provide[s] for them specially." 1A Sutherland,Statutory Construction (5th ed.) § 20.22. Clearly, the scenarios enumerated in the statute are special cases which are removed from the scope of a general rule.
In interpreting the effect of provisos whose restrictive scope is ambiguous, "the proviso is strictly construed, and only those subjects expressly restricted are freed from the operation of the statute." Id. Interpretation of the "reasonable causes" term in the statute mandates excluding from its purview routine mechanical breakdowns, for the onset and effects of such breakdowns are not only foreseeable, but are also controllable. Accordingly, the PUC's excluding the subject situation from the purview of "reasonable causes" warranting exemption from the statute is not clearly erroneous, as Mr. Ricciardelli testified with respect to the subject vehicle that "[he] took it apart and it just stood there." (Tr. at 15).
Conclusion
After a review of the record, this Court finds as a matter of law that the validity of the plaintiff's towing certificate lapsed pursuant to G.L. 1956 (1990 Reenactment) § 39-12-18 in February of 1993, before plaintiff attempted the transfer at issue. Therefore, the PUC's decision was not "[c]learly erroneous in view of the reliable, probative and substantial evidence of the whole record" nor "[a]rbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion" nor "[i]n excess of [its] authority" thereby prejudicing the rights of the plaintiff. G.L. 1956 (1993 Reenactment) § 42-35-15.
Counsel shall submit the appropriate order for entry.